ON REHEARING EX MERO MOTU
PER CURIAM.
This court’s opinion of August 8,1990, as modified September 12, 1990, is withdrawn and the following substituted therefor:
In January 1990, the Lee County Department of Human Resources (department) petitioned the juvenile court to terminate the parental rights of the mother and father in their minor child, age five. The child had previously been adjudicated dependent, and the custody of the child was with the department.
After an ore tenus proceeding, the juvenile court again found the child to be dependent, and further found that the family relative placement resources were not satisfactory and that it would not be in the best interests of the child to be placed with any of the alternative family placements. The juvenile court then terminated the parents’ parental rights to the child and awarded permanent legal custody to the department for placement for adoption.
The father now appeals and contends that the juvenile court erred in terminating his rights because, he says, there were viable alternatives. We do note that the mother has filed an appeal to this court. However, she does not contest the termination of her parental rights. Rather, she requests that, if this court reverses the case, she then be considered the most suitable person with whom the child could be placed.
It is well settled that parents have a prima facie right to custody of a child. However, the overriding consideration is always the best interests of the child. Brown v. Alabama Department of Pensions & Security, 473 So.2d 533 (Ala.Civ.App.1985). When the state seeks to terminate parental rights, there must first be a finding of dependency. Then, the court must inquire as to whether all viable alternatives to termination have been considered. Ex parte Beasley, 564 So.2d 950 (Ala.1990).
The record, in pertinent part, reveals the following: The child was born in August 1985 and has been in the department’s custody intermittently since 1988. Between 1988 and 1990 numerous services were offered to the mother in an attempt to rehabilitate her. The mother concedes that, although she loves the child, she believes it is now in the best interest to place the child for adoption.
The father is presently incarcerated in the state of Georgia. He was arrested in August 1986 for armed robbery, which included a shooting. The father received a twenty-year sentence. His tentative parole *1374 date is April 1993. His maximum release date is August 6, 2006.
At the time of the father’s incarceration, the child here was one year of age. There was testimony from a family therapist that the child did not have any relationship with the father and that placement with the father (when released from prison) would produce upheaval and change in the child’s life. The therapist further testified that, if the child remained in foster care while waiting for the father to be released from prison, then the child would not be able to attain a stable life situation for many years.
There was also testimony that the father had a problem with alcohol and that he mentally abused the mother. There was further testimony of abuse of the child by the father. There was testimony of an incident before the father went to prison where the father hit a stepchild with a belt so that it left cuts and bruises on the child. The allegation of abuse was found to be true, and the child was then removed from the home. There was also testimony that, since the father has been in prison, he has had no contact with the child in question.
The mother testified that the father had abused her and that she believed he had abused her children, including the child in question. She stated that, although she loved the child, she believed it was now in the child’s best interests to be placed for adoption.
A department social worker who had been involved with the case also testified that she was opposed to the child’s staying in foster care any longer. She testified that he has been in such care for almost half his life and that this was not the solution in this instance. It was her opinion that the child needed a permanent solution and that adoption was in his best interests.
There was testimony presented to the juvenile court concerning relatives who might be considered as alternatives for permanent placement. Home evaluations were performed and presented to the juvenile court. There was testimony, however, that the child did not know any of the father’s family. Furthermore, the testimony was clear that prolonged foster care was not deemed in the best interests of the child.
We have carefully examined the record and find that the juvenile court was correct in terminating the father’s parental rights. The father is not in a position to have custody of the child at this time, and it may be many years before he is released from prison. Furthermore, the testimony is clear that the father has had a violent past and that any attempt to reunite the father and child in the future would not be in the child’s best interests. The juvenile court’s decision is further supported by the fact that the evidence was presented ore tenus. Therefore, its decision is presumed correct, and we will not reverse unless it is unsupported by the evidence so as to be plainly and palpably wrong. In the Matter of Moore, 470 So.2d 1269 (Ala.Civ.App.1985).
We note that the father raises a second argument on appeal. However, he has failed to cite to this court any authority to support his contention. Therefore, we need not address this argument. Alabama Rules of Appellate Procedure, Rule 28.
This case is due to be affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.
THIGPEN, J., not sitting.